UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: JARETT LEZDEY,

    Debtor,
_____/

ALLAN WACHTER, M.D., individually and on behalf of his marital community; SETH CHEMICALS, INC., a Nevada Corporation; and NATHAN M. TECHNOLOGIES LIMITED PARTNERSHIP, a Nevada Limited partnership, for and on behalf of the Debtor's Bankruptcy Estate,,

    Plaintiffs,

v.                                        Case No. 8:07-mc-45-T-30JSM

JOHN LEZDEY, NOREEN LEZDEY, and JAMIE HOLDING COMPANY, LLC, a Florida limited liability company,

    Defendants.
_____/

## ORDER

    The Court has for its consideration Defendants' Motion for Withdrawal of Reference (Dkt. #1-2) and Plaintiff's Response to Motion for Withdrawal of Reference and Notice of Pendency of Other Actions (Dkt. #4). Having reviewed the parties' arguments and documents submitted in support thereof, the Court is of the opinion that Defendants' motion is due to be denied as premature.

On April 26, 2007, Plaintiffs commenced an adversary proceeding against Defendants on behalf of the Debtor's estate in the United States Bankruptcy Court in this district. On May 25, 2007, Defendants responded by filing a motion to withdraw the reference, as well as a motion to dismiss or alternative motion to stay as to certain counts. Following a hearing on June 19, 2007, the Bankruptcy Court denied Defendants' motion to dismiss or alternative motion to stay on June 28, 2007, and established pretrial deadlines and procedures, including a pretrial conference to be held on November 13, 2007.

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown." In their motion to withdraw the reference, Defendants express their clear intent to invoke their right to a trial by jury with respect to certain of Plaintiffs' claims. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 47-65 (1989). They also invoke their constitutional right to have this case adjudicated by an Article III federal judicial officer, thereby declining to consent to a jury trial before the Bankruptcy Court. Notwithstanding Defendants' entitlement to a withdrawal of the reference under these circumstances, the motion is premature in light of the fact that the adversary proceeding is in its initial stages. See, e.g., Redmond v. Hassan, 2007 WL 67761, at *1 (D. Kan. 2007) (reference need not be withdrawn for the purpose of conducting a jury trial until such time as the pretrial proceedings, including the bankruptcy court's resolution of dispositive motions, have ended and the case is ripe for trial); Leonard v. Onyx Acceptance Corp., 2003 WL 1873283, at *3 (D. Minn. 2003) (same); In re Adler, Coleman Clearing Corp., 270 B.R. 562, 566 (S.D. N.Y. 2001) (same); Hayes v. Royala, Inc., 180 B.R. 476 (E.D. Tex. 1995) (same); see also In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Withdrawal of Reference (Dkt. 1-2) is **denied without prejudice** to being renewed once the case is ready for trial.

2. The **Clerk** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
Bankruptcy Court Clerk   (8:05-bk-8711-KRM and 8:07-ap-165-KRM)

S:\Odd\2007\07-mc-45 - Motion for Withdrawal of Reference Final.wpd